Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, Arizona 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Bobbie Mesinas**, an individual;<br><br>    Plaintiff,<br><br>v.<br><br>**J.R. Brothers Financial, Inc.**, an Arizona corporation;<br><br>    Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

**I.   Preliminary Statement**

1.  Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter "FDCPA"), and for unreasonable debt collection and invasion of privacy.  In the course of attempting to collect a debt, Defendant engaged

|  |  |
|---|---|
| 1 | in deceptive, unfair and abusive debt collection |
| 2 | practices in violation of the FDCPA, and took |
| 3 | actions which constitute unreasonable debt |
| 4 | collection and invasion of privacy under the |
| 5 | doctrine enunciated in <u>Fernandez v. United</u> |
| 6 | <u>Acceptance Corporation</u>, 610 P.2d 461 (Ariz. App. |
| 7 | 1980). Plaintiff seeks to recover actual damages, |
| 8 | statutory damages, and punitive damages, as well as |
| 9 | reasonable attorney's fees and costs. |

**II.   Statutory Structure of FDCPA**

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.  Jurisdiction

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant

perpetrated therein.

**IV.   Parties**

9. Plaintiff is an individual and resident of Maricopa County, Arizona.
10. Plaintiff was obligated to pay a consumer debt.
11. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).
12. Defendant J.R. Brothers Financial, Inc. ("JRB") is an Arizona corporation.
13. JRB regularly collects or attempts to collect debts owed or asserted to be owed or due another.
14. In the alternative, JRB regularly collects or attempts to collect debts which it has purchased after default.
15. JRB is a "debt collector" as defined by FDCPA § 1692a(6).

**V.   Factual Allegations**

16. In or about October 2008, Plaintiff suffered a heart attack and received medical treatment from various providers, including Cardiovascular Consultants ("Consultants").
17. After insurance paid, there remained a balance of $235 owed to Consultants.
18. Because of the heart attack, Plaintiff was unable to work for a considerable period of time and was

-4-

1    unable to pay the balance owed to Consultants.
2   19. Consultants subsequently assigned the debt to JRB
3       for collection purposes.
4   20. Plaintiff made arrangements with JRB to pay the
5       balance owed on the account by JRB debiting $50.00
6       directly out of Plaintiff's bank account every two
7       weeks.
8   21. Approximately two weeks ago, Plaintiff took all of
9       her money out of her bank account in order to pay
10      for a move.  Plaintiff had forgotten about the JRB
11      debit.
12  22. When JRB attempted to debit Plaintiff's account, it
13      was returned.
14  23. On or about September 11, 2009, Plaintiff spoke with
15      Donna, a collector at JRB, and apologized about the
16      returned debit, and told her that she would be able
17      to pay the balance in October.
18  24. During this conversation, Donna became very rude and
19      threatening.
20  25. Donna told Plaintiff that because she had "wrote a
21      bad check," she had committed a felony.
22  26. Donna also repeatedly told Plaintiff that JRB would
23      be pressing charges against her for passing a bad
24      check.
25  27. Finally, during the conversation, Donna also told

1  Plaintiff that her cardiologist would no longer see
2  her because she had not paid her bill, and then hung
3  up.
4  28. Plaintiff immediately called JRB to report how she
5  had been treated and threatened by Donna, and spoke
6  with a supervisor.
7  29. The supervisor was also very rude, and told
8  Plaintiff that she had committed a felony.
9  30. These calls caused great emotional stress for
10  Plaintiff.
11  31. As a result of the statements made by JRB, Plaintiff
12  cancelled all her followup appointments her
13  cardiologist.
14  32. On September 15, 2009, Donna telephoned Plaintiff's
15  place of employment and spoke with one of
16  Plaintiff's co-workers, Jeri McCabe.
17  33. Donna told the Jeri that she was calling to verify
18  Plaintiff's employment.
19  34. Donna also asked Jeri to give Plaintiff a message
20  and to tell her to call Donna at JRB Financial at
21  602-371-1001 extension 225.
22  35. After receiving the call, Jeri sent Plaintiff an
23  email telling her about the call from Donna and the
24  message Donna asked Jeri to relate.
25  36. When Plaintiff received the message from Jeri, she

1     called JRB and spoke with Donna.

2  37. Plaintiff told Donna that she would be able to pay off the balance of $110 on October 9, 2009.

4  38. Donna responded by telling Plaintiff that "We cannot wait that long and we have verified your employment and we have your bank account information. Good luck."

8  39. Donna then hung up on Plaintiff.

9  40. Worried and feeling very ill because some sort of criminal or legal action was going to taken by JRB, Plaintiff called Consultants and spoke with Carol in the business office.

13  41. Plaintiff explained her financial situation to Carol who told Plaintiff that she could pay off the remaining balance on the account on October 9, 2009.

16  42. As a result of the threats and calls to Plaintiff and her place of employment on September 15, 2009, Plaintiff's blood pressure became very high, and would not come down.

20  43. Plaintiff's co-workers became so concerned for Plaintiff's health and the stress JRB was causing her, that they gave Plaintiff the funds to pay off the remaining $110 owed on Plaintiff's account, which Plaintiff did that day.

25  44. However, because her blood pressure would not come

down, and she was becoming physically ill, Plaintiff had to leave work early on September 15, 2009.

45. Plaintiff was ill that day and throughout the next, causing her to miss work again on September 16, 2009.

46. As a result of Defendant's actions as outlined above, Plaintiff has suffered actual damages including, but not limited to, loss of time off from work, physical illness, embarrassment, humiliation, fear, anxiety, and other extreme emotional distress.

47. Defendant's actions taken here were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.

48. In the alternative, Defendant's actions were negligent.

### VI. Causes of Action

#### a. Fair Debt Collection Practices Act

49. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

50. Defendant's violations of the FDCPA include, but are not limited to, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(1), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692g.

51. As a direct result and proximate cause of

- 8 -

1  Defendant's actions, Plaintiff has suffered actual
2  damages.

### b.   Invasion of Privacy

4  52. Plaintiff repeats, realleges, and incorporates by
5     reference the foregoing paragraphs.
6  53. Defendant's actions constitute unreasonable debt
7     collection and an invasion of Plaintiff's privacy
8     pursuant to the doctrine enunciated in <u>Fernandez v.</u>
9     <u>United Acceptance Corporation</u>, 610 P.2d 461 (Ariz.
10    App. 1980).
11 54. As a direct result and proximate cause of
12    Defendant's actions, Plaintiff has suffered actual
13    damages for which Defendant is liable.

### VII.   Demand for Jury Trial

15 Plaintiff hereby demands a jury trial on all issues
16 so triable.

### VIII.   Prayer for Relief

18 WHEREFORE, Plaintiff requests that judgment be
19 entered against Defendant for:
20   a)  Statutory damages of $1,000 pursuant to §1692k;
21   b)  Actual damages in an amount to be determined by
22       trial;
23   c)  Punitive damages in an amount to be determined
24       by trial;
25   d)  Costs and reasonable attorney's fees pursuant to

1          §1692k; and

2     e)   Such other relief as may be just and proper.

4     RESPECTFULLY SUBMITTED:    September 18, 2009    .

6                                  s/ Floyd W. Bybee
                                 Floyd W. Bybee, #012651
7                                **BYBEE LAW CENTER, PLC**
                                 4445 E. Holmes Avenue
8                                Suite 107
                                 Mesa, Arizona 85206-3398
9                                Office: (480) 756-8822
                                 Fax: (480) 302-4186
10                               floyd@bybeelaw.com

11                               Attorney for Plaintiff

- 10 -